# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JAMES POPE,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>  Defendant. | Case No. CV 12-5260 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Ronald James Pope ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected his credibility. (Joint Stip. at 4-8, 13-15.) The Court addresses – and rejects – Plaintiff's contentions below.

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided two valid reasons in support of his credibility determination.

First, the ALJ found that Plaintiff's behavior in relation to his treatment history undermined the alleged severity of his impairments. (AR at 24); *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (failure to follow prescribed course of treatment can cast doubt on sincerity of claimant's pain testimony). For instance, when Plaintiff visited the Veterans Administration in May 2008, he had already been living without his medications for six months, suggesting that his condition was more benign than alleged. (*Id.*; *see* AR at 257.) Also indicating milder symptoms is Plaintiff's testimony that he no longer takes Vicodin for his pain. (AR at 24; *see* AR at 80.) Lastly, and perhaps most troubling, Plaintiff has continued to consume alcohol despite warnings from his doctors regarding its adverse effects on his neuropathy and gout.[2] (AR at 24; *see, e.g.*, AR at 258, 262, 276, 292, 298, 301.) Given these inconsistencies, the ALJ made no error in discrediting Plaintiff.

Second, though Plaintiff alleges intense foot pain, the ALJ found the severity of this complaint to be weakened by Plaintiff's daily activities. (AR at 23-24.) Indeed, Plaintiff's foot pain is apparently so severe that he cannot stand for longer than 15- to 20-minutes. (AR at 23; *see* AR at 75.) Yet, despite these alleged difficulties, Plaintiff was, for example, able to move his belongings when relocating to another home. (AR at 23-24; *see* AR at 183.) Notably, with respect to that move, Plaintiff only described pain resulting from "lift[ing] heavy things," such as his bed dresser. (AR at 183.) Were Plaintiff's foot pain as severe as alleged, one would not

---

[2]  Incidentally, Plaintiff's refusal to heed the advice of his doctors weighs heavily against his contention that his "impairments do not have a cure." (Joint Stip. at 7.)

1  expect Plaintiff to engage in such physically demanding activities.  Thus, as to this
2  ground, the ALJ's credibility determination remains intact.[3]

3  Accordingly, the Court finds that substantial evidence supported the ALJ's
4  decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453,
5  458-59 (9th Cir. 2001).

6  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
7  **AFFIRMING** the decision of the Commissioner denying benefits.

9  Dated: April 30, 2013

10  _____
11  Hon. Jay C. Gandhi
12  United States Magistrate Judge

---

[3]  The ALJ did, however, erroneously find inconsistencies between Plaintiff's alleged impairments and several of his daily activities (*e.g.*, "cook[ing] his own meals, run[ning] errands, perform[ing] household cleaning, and shop[ping] weekly for groceries").  (AR at 23.)  These activities are not so physically or mentally demanding that it is apparent that Plaintiff exaggerated his limitations.  Under the "clear and convincing" standard, then, there must be some explanation of how these activities undermine the specific limitations alleged by Plaintiff. *See Lester*, 81 F.3d at 834.

In any event, considering the adequacy of the rest of the ALJ's credibility analysis, this error is harmless. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir.2004).

3